## 0122

Charles DAVIE, Hider Davie, Alice Davie, Gloria Davie Wooden, James Harris, William Harris, Robert Harris, Edith Harris English, Lillian B. Harris, John Harris, Jr., Kenneth Harris and Candice Harris, Appellants, v. Marion ATKINSON, Individually and as Administrator of the Estate of Thomas Atkinson, David Atkinson, Thomasina A. Saxton, Vermelle Keith, Harriet Alston, Sylvia Louise Loney, Wilhelmena Dean, Hallie Singleton, George Kershaw and Leola Mopin, Respondents.

(313 S. E. (2d) 648)

Court of Appeals

*Steven D. Dennis,* of *Holler & Gregory,* Columbia, *for appellants.*

*Edward V. Atkinson,* of *Atkinson, Davis & Newman,* Sumter, *for respondents.*

March 12, 1984.

GARDNER, Judge:

Appellants brought this action for recovery of land, accounting for rents and damages. Respondents answered but did not plead a statute of limitation; respondents then moved for judgment on the pleadings,[1] which was granted by the trial judge. The appealed order held the appellants' causes of action were barred by the statutes of limitation. We reverse and remand.

The appealed order is fatally erroneous because the reason for entry of judgment for respondents is based upon appellants' causes of action being barred by the statutes of limitation; this defense was not pleaded by respondents and therefore not available to them. A statute of limitation is an affirmative defense which must be raised by answer. Section 15-13-360, S. C. Code of Laws, 1976. Furthermore, a limitation statute is a statute of grace, permitting the avoidance and evasion of liability in applicable cases; and while given recognition when pleaded, it has never been favored by the courts. *Scovill v. Johnson,* 190 S. C. 457, 3 S. E. (2d) 543 (1939).

Accordingly, the appealed order is reversed and the case remanded for such further proceedings as may be necessary.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.

---

[1] Judgment on the pleadings may be granted in proper cases but our courts consider it a drastic procedure. *See United States Casualty Company v. Hiers,* 233 S. C. 333, 104 S. E. (2d) 561 (1958).