0412

Louise KOLB, Respondent, v. Elizabeth Wilson COOK, as Executrix of the Estate of Weston C. Cook, M.D., Appellant, and Oliver KOLB, Respondent v. Elizabeth Wilson COOK, as Executrix of the Estate of Weston C. Cook, M.D., Appellant.

(327 S. E. (2d) 379)

Court of Appeals

*Charles E. Carpenter, Jr.,* and *Donald V. Richardson, III* of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellant.*

*Donna K. Holt,* Columbia, *for respondents.*

Heard Dec. 20, 1984.

Decided March 8, 1985.

CURETON, Judge:

These appeals involve actions for damages for medical malpractice against the estate of a decedent, Dr. Weston Cook. Mrs. Cook, the legal representative of the estate, moved

to amend her answer to allege the actions were barred under Section 21-15-640 of the Code of Laws of South Carolina (1976) because they were not filed in the probate proceeding within the time limited. The trial judge held that the statute did not present a bar to the maintenance of the malpractice suits and denied the representative's motion to amend. We affirm.

The facts are undisputed. On April 19, 1978, Dr. Cook performed hip surgery on Mrs. Kolb, the respondent. In January of 1981, Dr. Cook died. On February 17, 1981, letters testamentary were granted to appellant Elizabeth Cook, executrix of Dr. Cook's estate. On February 18, 1981, the First Notice of Creditors was published. On April 17, 1981, Mrs. Kolb brought a malpractice suit and Mr. Kolb, an action for loss of consortium, against Mrs. Cook as personal representative. Mrs. Cook answered with general denials and further pled unavoidable accident. On July 18, 1981, the five month period for filing claims as provided in Code Section 21-15-640 expired.[1] On August 13, 1981, copies of the complaints were filed in the probate court. On December 17, 1981, Mrs. Cook was discharged as executrix.

By motion dated May 10, 1982, Mrs. Cook sought an amendment to her answers as follows: "That this plaintiff failed to file a Verified Complaint with the Probate Court for Chester County within the time required by Section 21-15-630 [sic] of the South Carolina Code and this claim is barred by the Statute of Limitations." The trial judge denied the motion to amend finding that the amendment would not constitute a defense to the actions because the statute was not a claims barring statute. He also found that even if Section 21-15-640 provided a defense to the actions, the amendment came too late and its allowance would result in prejudice to the Kolbs.

The trial court's ruling was entered prior to our Supreme Court's decision in *Moultis v. Degen*, 279 S. C. 1, 301 S. E. (2d) 554 (1983). *Moultis* held that Section 21-15-640 was a claims barring statute but that it did not bar tort claims in which the plaintiff asserts a claim against an undistributed asset of the estate. Therefore, the trial judge

[1] The Section provides: "All claims of creditors of such estate shall upon the expiration of five months after the first publication of the notice prescribed in Section 21-15-630 be forever barred unless, before the expiration of such period, an account thereof, duly attested, shall have been filed with such executor...."

erred in finding that the Section was not a claims barring statute. Nevertheless, we think that *Moultis* supports the trial judge's decision to deny the motion to amend.

Mrs. Cook concedes the estate has as an undistributed asset, liability insurance coverage of $1,000,000. She argues, nevertheless, that *Moultis* requires that a tort claimant satisfy the substantive and procedural filing requirements of Section 21-15-640 as a condition precedent to prosecuting the claim in the court of common pleas. Specifically, she argues that although the Kolbs served complaints on her within the five-month period, the complaints do not meet the statutory requirement of "an account duly attested" because they were not verified.

We think the executrix's reliance upon *Moultis* for the proposition that every tort claimant of an estate must comply with the provisions of Section 21-15-640 before bringing suit in the court of common pleas is misplaced. *Moultis* held only that tort claimants who look to the distributable assets of an estate for satisfaction of their potential judgment must file a duly attested account in the probate court or with the executor within the period of limitation or have their claims barred. *Id.*, 279 S. C. at 5, 301 S. E. (2d) 554.

On the other hand, a tort claimant whose potential judgment may be satisfied out of undistributable assets in the estate need not file an attested account in the probate proceeding. *Id.*, 279 S. C. at 7, 301 S. E. (2d) 554. As a practical matter, liability insurance coverage is not an asset distributable by the executrix. It is better characterized as an "inchoate asset of no intrinsic value which would make it subject to administration or distribution as an 'asset' by decedent's personal representative." *Schloegl v. Nardi*, 92 Ill. App. (2d) 302, 234 N. E. (2d) 558 (1968). Where, as here, the survival statute[2] permits a suit directly against the personal representative in the court of common pleas, the claimant of such assets may bypass the probate court if, at the commencement of the action, there is a suable estate representative.

[2] Section 15-3-70 provides that "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced against his personal representative after the expiration of that time. . . ."

*Moultis's* requirement that the estate be re-opened before the commencement of a suit against the personal representative of the deceased tortfeasor has the obvious purpose of providing a suable person. Here the Kolbs had a suable person when they commenced their suits. Nowhere does *Moultis* require that in addition to reopening the deceased tortfeasor's estate, a claim be filed therein.

Thus, where the tort claimant seeks to recover damages from sources other than the distributable or distributed assets of the probate estate, there is no need for filing a verified claim or account with the personal representative of the deceased tortfeasor. *Williams v. Grossman*, 409 Mich. 67, 293 N. W. (2d) 315 (1980); *In Re Miles' Estate*, 262 N. C. 647, 138 S. E. (2d) 487 (1964). We therefore hold that the Kolbs' suits were validly commenced when they served their summons and complaints upon Mrs. Cook as duly appointed executrix of the estate of Dr. Cook.[3]

The executrix also argues that because the six year general statute of limitations contained in Code Section 15-3-530 and the three year medical malpractice statute of limitations in Code Section 15-3-540 have both expired, she is entitled to her amendment as a matter of law because no claim may now be filed in the probate proceeding and thus the statutes of limitations constitute a complete defense to the Kolbs' actions. Having concluded that the failure of the Kolbs to file a claim in the probate proceeding does not defeat this suit, we think that this argument is moot. Further, the bar of these statutes was not argued before the trial court and cannot be presented for the first time on appeal. *Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980). Moreover, these statutes must be affirmatively pled, which has not been done. *Davie v. Atkinson*, 281 S. C. 102, 313 S. E. (2d) 648 (S. C. App. 1984).

Finally, we note that the trial judge also based his refusal to permit the amendment upon a finding that it

---

[3] While not raised by exception or briefed, Mrs. Cook argued at oral argument that even if the Kolbs' actions were validly commenced, her discharge as executrix served to remove her as the only suable defendant in the common pleas action. Thus, she argues the common pleas actions abated. We think not and hold that the discharge of Mrs. Cook of her duties in the probate proceedings would not abate the common pleas action unless she is also dismissed as a defendant in the tort suit as was the executrix in *Moultis*.

would not serve the interests of justice. We are unable to find an exception that directly challenges this finding. In addition, the appellant's brief makes no argument against the finding. This reason alone constitutes a basis for affirming the trial court, *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977); *State v. Vaughn*, 268 S. C. 119, 232 S. E. (2d) 328 (1977); Supreme Court Rule 8, Section 2.

Accordingly, the order of the trial court is affirmed, but modified in accordance with this decision. Specifically, the Kolbs' recoveries are limited to the undistributed assets of the estate.

Affirmed.

GARDNER and GOOLSBY, JJ., concur.