### 22683

Douglas L. SMITH, as Administrator of the Estate of Infant Smith, Appellant v. T. Ravenel SMITH, M.D., Respondent. Johnnie Mae SMITH, Appellant v. T. Ravenel SMITH, M.D., Respondent.

(354 S. E. (2d) 36)

Supreme Court

*A. Camden Lewis, Keith M. Babcock, Georgia L. Lewis,* of *Lewis, Babcock, Gregory & Pleicones;* and *Stephen A. Husman,* of *Finkell, Georgaklis, Goldberg, Sheftman & Korn,* Columbia, *for appellant.*

*Frank H. Gibbes, III,* of *Rainey, Gibbes & Clarkson, P.A.,* Greenville, *for respondent.*

Heard Dec. 12, 1986.

Decided March 16, 1987.

FINNEY, Justice:

These are medical malpractice actions. Appellants appeal from an order of the trial court granting the respondent's (doctor) motions for summary judgment. We affirm.

Appellants commenced this action by filing a Summons and Complaint on March 8, 1985. The appellant Johnnie Mae Smith (mother) sought recovery for damages sustained as a result of the doctor's alleged negligent treatment during her pregnancy. Appellant Douglas L. Smith (father), as administrator of the child's estate, sought recovery for the wrongful death of their child. Each lawsuit contained two causes of action, one in tort for negligence and the other in contract for breach of warranty.

The doctor moved for summary judgment on the grounds that the applicable statute of limitation found in S. C. Code Ann. § 15-3-545 (1984 Supp.) barred the Smiths' actions and that there was no contract guaranteeing a particular result. The trial court granted the summary judgment motions and this appeal followed.

The Smiths contend (1) that the statute of limitations in § 15-3-545, *supra*, which governs medical malpractice actions in unconstitutional; (2) that if the statute is constitutional, their actions are not barred by the statute of limitations because they discovered the existence of the causes of action within the three-year statutory period and timely filed suit; and (3) that there is evidence from which a reasonable inference can be drawn that there was a contract to render proper medical services which was breached.

The facts of this case are undisputed. The mother sought treatment from Doctor Smith in late December 1978 because she was pregnant. Her last menstrual period prior to conception was on November 2, 1978. Based on this fact, the doctor advised Mrs. Smith on her first office visit that the anticipated due date for delivery of her child would be on or about August 10, 1979. During this same visit, Doctor Smith told Mrs. Smith to come in for regular checkups during her pregnancy. There was no specific discussion between Doctor Smith and Mrs. Smith concerning warranties, guarantees,

or the standard of care which would apply, and Doctor Smith gave no express warranty nor guaranteed Mrs. Smith any particular result.

During the later stages of Mrs. Smith's pregnancy, two problems occurred which were of concern to Mr. and Mrs. Smith. First, Mrs. Smith experienced weight loss. Second, Mrs. Smith carried her child a full month beyond the estimated due date of August 10, 1979. Following these concerns, Mrs. Smith's child was delivered stillborn on September 12, 1979.

During Mrs. Smith's hospitalization following delivery of their stillborn child, Mr. and Mrs. Smith began to have questions as to whether Doctor Smith had rendered Mrs. Smith proper medical care. As a result, the day following Mrs. Smith's release from the hospital, she and her husband went to Charlotte, North Carolina, and conferred with an attorney for whom Mrs. Smith had previously worked. One of the reasons the Smiths consulted the Charlotte attorney was to determine if they were entitled to assert a legal claim against Doctor Smith arising out of his care and treatment of Mrs. Smith and the birth of their stillborn child.

During the months following their consultation with the attorney in Charlotte, North Carolina, the Smiths continued to have questions about whether Doctor Smith had provided Mrs. Smith proper medical care and treatment. In the spring of 1980, the Smiths again sought legal counsel and were referred by the Charlotte attorney to an attorney in Rock Hill, South Carolina.

The Smiths met with an attorney in Rock Hill during the spring of 1980 regarding a potential medical malpractice claim. At or about the same time, the Smiths and their attorney obtained copies of Mrs. Smith's medical records pertaining to her treatment by Doctor Smith. The Smiths continued to have questions about whether Doctor Smith rendered proper medical treatment, and Mr. Smith consulted Rock Hill counsel a second time in September or October 1982.

Following this meeting, the Smiths retained one of the attorneys now representing them in this litigation. With the assistance of this attorney, the Smiths asserted a claim against their former counsel in Rock Hill because of his failure to timely file suit against Doctor Smith. The Smiths

were ultimately paid $45,000 in settlement of their claim against the Rock Hill attorney. Thereafter, in March 1985, the Smiths commenced these actions against Doctor Smith.

## I. CONSTITUTIONALITY OF
## § 15-3-545

S. C. Code Ann. § 15-3-545, *supra*, provides that:

Any action to recover damages for injury to the person arising out of any medical ... treatment, omission or operation by any licensed health care provider ... shall be commenced within three years from the date of discovery or when it reasonably ought to have been discovered, not to exceed six years from the date of occurrence.

Both the negligence and contract actions brought by the Smiths are controlled by § 15-3-545, *supra*, based on the clear language of the statute which specifically encompasses "[a]*ny* actions[s] to recover damages for injury to the person arising out of ... medical ... treatment." [Emphasis added].

In determining whether a statute violates the equal protection clauses of state and federal constitutions, we must give great deference to the classification passed by the legislature, and the classification will be sustained against constitutional attack if it is not plainly arbitrary and there is "any reasonable hypothesis" to support it. *Gary Concrete Products, Inc., v. Riley*, 285 S. C. 498, 331 S. E. (2d) 335 (1985). "The requirements of equal protection are satisfied if 1) the classification bears a reasonable relation to the legislative purpose sought to be effected; 2) the members of the class are treated alike under similar circumstances and conditions; and 3) the classification rests on some reasonable basis." *Gary Concrete Products, Inc., v. Riley, supra.* Many states have upheld a shorter statutory limitation period for medical malpractice actions. *Sellers v. Edwards*, 289 Ala. 2, 265 So. (2d) 438 (1972); *Hamby v. Neurological Assoc., P. C.*, 243 Ga. 698, 256 S. E. (2d) 379 (1979); *Anderson v. Wagner*, 79 Ill. (2d) 295, 37 Ill. Dec. 558, 402 N. E. (2d) 560 (1979); and *Roberts v. Durham County Hospital Corp.*, 56 N. C. App. 533, 289 S. E. (2d) 875 (1982), *aff'd.*, 307 N. C. 465, 298 S. E. (2d) 384 (1983).

It is our view the legislature acted reasonably and within constitutional limitations in passing § 15-3-545, *supra*. The classification of persons which the legislature sought to protect is reasonable and bears a rational relationship to the legitimate legislative purpose of reducing health care providers' exposure to liability and continued delivery of reasonable health care services. All members of the protected class are treated alike under similar circumstances and conditions, and the classification rests on a reasonable basis. We conclude that § 15-3-545, *supra*, is constitutional.

## II. DISCOVERY OF CAUSES
## OF ACTION

Section 15-3-545, *supra*, requires that medical malpractice actions be commenced within "three years from the date of discovery or when it reasonably ought to have been discovered, not to exceed six years from the date of occurrence." The appellants contend they timely filed suit within the three year statutory period provided in § 15-3-545, *supra*, after they discovered a potential claim might exist against the doctor.

The Smiths raised concerns and questions about potential malpractice before Mrs. Smith left the hospital in late 1979. The day after she was released from the hospital, she and her husband conferred with an attorney in Charlotte, North Carolina, about the possibility of a medical malpractice action against the doctor. In the spring of 1980, an attorney in Rock Hill, South Carolina, was consulted regarding a possible malpractice action. The same Rock Hill attorney was consulted again in late 1982. Around this same period of time, the Smiths had also obtained and reviewed copies of the medical records pertaining to her treatment during her pregnancy. It is important to note the Smiths were ultimately paid $45,000 in settlement of their claim against the attorney in Rock Hill because of his failure to timely file an action against Doctor Smith.

This Court in *Snell v. Columbia Gun Exchange, Inc.*, 276 S. C. 301, 278 S. E. (2d) 333 (1981), considered a discovery provision in S. C. Code Ann. § 15-3-535, (1976) which is similar to the provision in § 15-3-545, *supra*. The statute in-

volved in *Snell, supra,* requires that a cause of action be commenced within six years after the plaintiff knows or, through the exercise of reasonable diligence, should have known that he had a cause of action. The Court held in *Snell* that:

> "[T]he exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of the injury would put a person of common knowledge on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitation begins to run from this point and not when advice of counsel is sought or a full blown theory of recovery developed. 278 S. E. (2d) at 334.

Although *Snell* and the case of bar are distinguishable, the language of *Snell* is instructive and persuasive as to when a cause of action reasonably ought to have been discovered. The Smiths' consultation with an attorney in Charlotte in 1979 and with counsel in Rock Hill in the spring of 1980 indicates the Smiths had discovered or reasonably ought to have discovered the potential medical malpractice action no later than 1980. The Smiths' delay in filing suit until March of 1985 exceeds the three-year statutory period in § 15-3-545, *supra,* and therefore, their lawsuits are barred.

### III. BREACH OF CONTRACT

The Smiths contend that summary judgment should not have been granted on their breach of contract claims because they brought the action within the six-year contract statute of limitations provided in S. C. Code Ann. § 15-3-530(1) (1976).

We need not address the merits of the Smiths' contract claims. As we concluded earlier, § 15-3-545, *supra,* specifically covers *"[a]ny action* to recover damages for injury to the person arising out of *any* medical ... treatment" [emphasis added], which would also include the Smiths' contract actions. Accordingly, under the same logic as above, the Smiths' contract claim resulting from the alleged malpractice is barred pursuant to § 15-3-545.

Affirmed.

NESS, C. J., and GREGORY and CHANDLER, JJ., concur.

Acting Associate Justice Rodney A. Peeples, concurs.