23027

Melinda HOFFMAN, Individually and as Personal Representative of the Estate of David M. Hoffman, Appellants v. Jerry POWELL M.D. and The Surgical Clinic of Anderson, P.A., Respondents.

(380 S. E. (2d) 821)

Supreme Court

*Barney O. Smith, Jr.,* of *Parham and Smith,* Greenville, *for appellants.*

*G. Dewey Oxner, Jr.* and *F. Matlock Elliott* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondents.*

*Thomas H. Hart* and *Desa A. Ballard,* Barnwell, *for amicus curiae: Citizens Opposed to the Limitations of Legal Rights (COLLAR).*

Heard April 4, 1989.

Decided June 5, 1989.

CHANDLER, Justice:

The Circuit Court held that these medical malpractice actions are barred by the six-year "repose" provision of S. C. Code Ann. § 15-3-545 (Supp. 1988).[1] Appellants challenge the constitutionality of this provision. We affirm.

## BACKGROUND
Section 15-3-545 provides in pertinent part:

> Any action to recover damages for injury to the person arising out of any medical, surgical or dental treatment, omission or operation by any licensed health care provider ... shall be commenced within three years from the date of the treatment, omission or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, *not to exceed six years from date of occurrence.*

[Emphasis supplied.]

The statute establishes a three-year limitations period running from the date the malpractice is discovered or reasonably ought to be discovered. This "discovery rule" is subject to a six-year period running from the date of occurrence. The six-year period, commonly referred to as a "statute of repose," constitutes an outer limit beyond which a

---

[1] The statute was amended by 1988 Act. No. 432, effective April 5, 1988. The amended version of the statute is not at issue here since these causes of action arose prior to April 5, 1988.

medical malpractice claim is barred, regardless of whether it has or should have been discovered.

Appellants concede that, if constitutional, the six-year limitation bars their actions; they challenge its validity on equal protection and due process grounds.[2]

## ISSUE

The only issue before us is whether the six-year repose provision of § 15-3-545 violates equal protection and due process guarantees.

## EQUAL PROTECTION

In *Smith v. Smith*, 291 S. C. 420, 354 S. E. (2d) 36 (1987), this Court rejected an equal protection challenge to the three-year limitations provision of § 15-3-545. We held there is a reasonable basis to protect the class of health care providers, and a rational relationship to a legitimate legislative purpose.

Appellants contend the statute's six-year provision denies equal protection to plaintiffs whose injuries cannot be discovered within six years. We disagree.

The statute of repose applies in the same manner to medical malpractice plaintiffs, whether their injuries are latent or readily apparent. Moreover, as with the three-year period in *Smith*, it bears a rational relationship to a legitimate legislative objective: reduction of liability exposure and, thereby, fostering the delivery of quality health care services.

Courts from other jurisdictions have upheld medical malpractice statutes of repose against the equal protection challenge, identical to that here. *See Brubaker v. Cavanaugh*, 741 F. (2d) 318 (10th Cir. 1984); *Jewson v. Mayo Clinic*, 691 F. (2d) 405 (8th Cir. 1982); *Valentine v. Thomas*, 433 So. (2d) 289 (La. Ct. App. 1983).

---

[2] Appellants argue in brief that the statute also violates their constitutional right to a jury trial. As this claim was not raised below, it will not be considered for the first time on appeal. *Talley v. South Carolina Higher Educ. Tuition Grants Comm.*, 289 S. C. 483, 347 S. E. (2d) 99 (1986).

## DUE PROCESS

■ Appellants next contend the statute of repose violates due process by barring a potential claim before a plaintiff has knowledge, directly or by exercise of due care, that an injury has been inflicted. We disagree.

The Supreme Court of Illinois addressed a similar contention in *Anderson v. Wagner*, 79 Ill. (2d) 295, 37 Ill. Dec. 558, 402 N. E. (2d) 560 (1979):

> Although such a result—a cause of action barred before its discovery—seems harsh and unfair, the reasonableness of the statute must be judged in light of the circumstances confronting the legislature and the end which it sought to accomplish. We have noted above that various reports, commissions, and authors recommended that the "long tail" exposure to malpractice claims brought about by the discovery rule be curtailed by placing an outer time limit within which a malpractice action must be commenced.... Our 4-year time limit is ... within the general area of limits that had been set by other States. Some are shorter than ours, and some are longer. It has not been demonstrated that the legislative action in establishing the 4-year outer limit within which to file a complaint for medical malpractice is unreasonable. We thus find no due process violation.

79 Ill. (2d) at 312, 37 Ill. Dec. at 566, 402 N. E. (2d) at 568.

We concur with *Anderson* and numerous other Courts upholding malpractice statutes of repose, some of which are for periods less than six years. *Brubaker v. Cavanaugh*, 741 F. (2d) 318 (10th Cir. 1984) [4 years]; *Fitz v. Dolyak*, 712 F. (2d) 330 (8th Cir. 1983) [6 years]; *Jewson v. Mayo Clinic*, 691 F. (2d) 405 (8th Cir. 1982) [2 years]; *Landgraff v. Wagner*, 26 Ariz. App. 49, 546 P. (2d) 26 (1976) [6 years]; *Owen v. Wilson*, 260 Ark. 21, 537 S. W. (2d) 543 (1976) [2 years]; *Mishek v. Stanton*, 200 Colo. 514, 616 P. (2d) 135 (1980) [6 years]; *Dunn v. St. Francis Hospital*, 401 A. (2d) 77 (Del. 1979) [3 years]; *Carmichael v. Silbert*, 422 N. E. (2d) 1330 (Ind. App. 1981) [2 years]; *Koppes v. Pearson*, 384 N. W. (2d) 381 (Iowa 1986) [6 years]; *Valentine v. Thomas*, 433 So. (2d) 289 (La. Ct. App. 1983) [3 years]; *Laughlin v. Forgrave*, 432 S. W. (2d) 308 (Mo.

1968) [2 years]; *Colton v. Dewey,* 212 Neb. 126, 321 N. W. (2d) 913 (1982) [10 years]; *Saultz v. Funk,* 64 Ohio App. (2d) 29, 410 N. E. (2d) 1275 (1979) [1 year].

## CONCLUSION

The medical malpractice statute of repose violates neither equal protection nor due process. Accordingly, the judgment of the Circuit Court is affirmed.

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.