23084

Ex parte ESTATE of Dexter M. EVANS, Jr., and Aetna Casualty & Surety Company, Appellants, In re Arthur FLEMING, as Guardian ad Litem for Dedrick Fleming, an incompetent person, Respondent v. Norma LYNCH, as Successor Personal Representative of the Estate of Dexter M. Evans, Jr., M.D., Appellant.

(384 S. E. (2d) 748)

Supreme Court

*James W. Alford, R. Lewis Johnson* and *Kay G. Crowe,* of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellants.*

*Edward L. Graham,* of *Zeigler and Graham,* Florence, *for respondent.*

Heard April 18, 1989.

Decided Sept. 25, 1989.

GREGORY, Chief Justice:

This appeal is from a circuit court order affirming the probate court's order reopening the estate of Dr. Dexter M. Evans, Jr. We affirm.

Dr. Evans died on October 23, 1978, and the executrix of his estate was discharged on May 8, 1980. On November 25, 1987, respondent filed a petition to reopen the estate in order to assert a medical malpractice claim against the estate and decedent's liability insurer, appellant Aetna Casualty & Surety Company. The circuit court affirmed the probate court's ruling that reopening the estate was permissible under S. C. Code Ann. § 62-3-803(c)(2)(1987).

Section 62-3-803(c)(2) allows liability claims against an estate otherwise disallowed by the nonclaim sections of the statute to the extent the decedent was protected by liability insurance. Appellants allege § 62-3-803(c)(2) denies them equal protection of the law because it subjects them to liability not imposed on estates without liability insurance.

In an equal protection review, great deference is accorded a legislative classification. The classification will be sustained if it is not plainly arbitrary and there is a reasonable hypothesis to support it. The requirements of equal protection are satisfied if: (1) the classification is reasonably related to the legislative purpose sought

to be effected; (2) the members of the class are treated equally to those similarly situated; and (3) the classification rests on some reasonable basis. *Smith v. Smith,* 291 S. C. 420, 424, 354 S. E. (2d) 36, 39 (1987); *Gary Concrete Products, Inc. v. Riley,* 285 S. C. 498, 331 S. E. (2d) 335 (1985).

The classification at issue here is deceased tortfeasors with liability coverage at the time the alleged tort was committed. This classification is reasonably related to the legitimate legislative purpose of allowing the claims of injured parties asserted within the statute of limitations while protecting the distributed assets of the tortfeasor's estate. *Cf. Moultis v. Degen,* 279 S. C. 1, 301 S. E. (2d) 554 (1983). Similarly situated tortfeasors are treated equally since a claim against liability insurance may be asserted whether the tortfeasor is subsequently deceased or merely terminated insurance coverage after the time of the alleged tort.

We conclude the classification is reasonable and hold S. C. Code Ann. § 62-3-803(c)(2)(1987) does not violate the equal protection clauses of the state and federal constitutions. *Accord In re Estate of Daigle,* 634 P. (2d) 71 (Colo. 1981).

Accordingly, the order of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.