23200

Michael U. KALE and Michael U. Kale, D.C., d/b/a Kale Chiropractic Day Clinic—24 Hour Facility, Appellant v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent.

(391 S.E. (2d) 573) ·

Supreme Court

*R. David Massey,* and *F. Douglas P. Evans,* of *Brown and Hagins, P.A.,* Greenville, *for appellant.*

*General Counsel Walton J. McLeod, III,* and *Staff Counsel Susan A. Lake,* of the *South Carolina Dept. of Health and Environmental Control,* Columbia, *for respondent.*

Heard March 19, 1990.

Decided April 30, 1990.

GREGORY, Chief Justice:

This appeal is from an order of the circuit court upholding the constitutionality of S.C. Reg. 61-90 § 101(A) (1989). We affirm.

Appellant is a chiropractor operating a facility licensed by respondent (DHEC) to operate under the name "Kale Chiropractic Day Clinic—24 Hour Facility." Appellant wishes to operate and advertise his facility as a "chiropractic hospital" which is specifically prohibited by Reg. 61-90 § 101(A). After DHEC denied his request for repeal of the regulation, appellant commenced this declaratory judgment action challenging the constitutionality of the regulation pursuant to S.C. Code Ann. § 1-23-150(b) (1986).

First, appellant claims Reg. 61-90 § 101(A) is an unconstitutional restriction on commercial speech under the first amendment. Reg. 61-90 § 101(A) provides:

> A. Chiropractic Facilities: Institutions with organized chiropractic staffs, with permanent facilities that include inpatient beds; chiropractic services to provide vertebral subluxation analysis and adjustment for patients. *A chiropractic facility is expressly prohibited from using the term "hospital."* (Emphasis added.)

Commercial speech enjoys a limited measure of protection commensurate with its subordinate position in the scale of first amendment values. *Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447, 98 S. Ct. 1912, 56 L. Ed. (2d) 444 (1978). While the first amendment affords such speech limited protection, the State does not lose its power to regulate commercial activity deemed harmful to the public merely because speech is a component of that activity. *Id.* Restrictions on false, deceptive, and misleading commercial speech are permissible. *Friedman v. Rogers*, 440 U.S. 1, 99 S. Ct. 887, 59 L. Ed. (2d) 100 (1979). The United States Supreme Court has recently held that the first amendment does not require the State to employ the least restrictive means in regulating commercial speech. *Board of Trustees of the State*

*University of New York v. Fox*, 492 U.S. —, 109 S. Ct. 3028, 106 L. Ed. (2d) 388 (1989). The regulation must merely be "narrowly tailored to achieve the desired objective." *Id.* at —, 109 S. Ct. at 3035, 106 L. Ed. (2d) at 404. We must therefore determine whether Reg. 61-90 § 101(A) is narrowly tailored to protect the public from deceptive or misleading commercial speech.

"Hospital" is defined by statute as:

> . . . . (a) facility organized and administered to provide overnight *medical or surgical care* or nursing care of illness, injury, or infirmity and may provide obstetrical care, and in which all diagnoses, treatment, or care is administered by or *under the direction of persons currently licensed to practice medicine, surgery, or osteopathy.* (Emphasis added).

S.C. Code Ann. § 44-7-130(12) (Supp. 1989). To qualify as a hospital, a medical facility must provide the services of licensed medical doctors and/or osteopaths. Although chiropractors "practice medicine" in a narrow sense, *Bauer v. State*, 267 S.C. 224, 227 S.E. (2d) 195 (1976), they are not licensed to practice medicine or osteopathy as those professions are statutorily defined. *See* S.C. Code Ann. § 40-47-60 (1986). Chiropractic specifically excludes the use of drugs or surgery. S.C. Code Ann. § 40-9-10(b) (1986). The term "chiropractic hospital" would therefore be deceptive in that such a facility could not provide surgical or medical care supervised by licensed medical doctors or osteopaths contrary to the specific qualifications of a "hospital."

Although appellant is prohibited from using the word "hospital," he may advertise his facility as a "chiropractic inpatient facility." *See* S.C. Code Ann. § 44-7-130(4) (Supp. 1989). Accordingly, we find the restriction on commercial speech under Reg. 61-90 § 101(A) is a narrowly tailored one and we hold it does not violate the first amendment.

Next, appellant claims Reg. 61-90 § 101(A) violates equal protection because it creates an arbitrary classification in disallowing chiropractors' use of the word "hospital" for their facilities. In an equal protection review, great deference is accorded a legislative classification. The classification will be sustained if it is not plainly

arbitrary and there is a reasonable hypothesis to support it. The requirements of equal protection are satisfied if: (1) the classification is reasonably related to the legislative purpose sought to be effected; (2) the members of the class are treated equally to those similarly situated; and (3) the classification rests on some reasonable basis. *Ex parte: Estate of Evans,* 299 S.C. 366, 384 S.E. (2d) 748 (1989).

In this case, all three criteria are met: (1) the classification of chiropractors is reasonably related to the legislative purpose that the public not be deceived in its expectation that a "hospital" is staffed by medical doctors licensed to perform surgery and prescribe drugs because chiropractors are not licensed medical doctors; (2) chiropractors are treated equally to all other health care providers who are not trained as medical doctors because none can maintain a facility called a "hospital"; and (3) the classification rests on a reasonable basis because chiropractors are public health care providers.

Appellant complains the classification is arbitrary because the word "hospital" is used in other commercial contexts that are not restricted, such as "doll hospital," or "animal hospital." The State's authority to regulate public health care services includes the authority to define the word "hospital" in the context of public health care and regulate its use within that context. The fact that a toy dealer is allowed to use the phrase "doll hospital" is irrelevant here. Similarly, appellant's complaint that other specialized medical facilities are permitted to use the word "hospital," for instance "Shriners Hospital for Crippled Children," is without merit. Only medical facilities that meet the statutory definition of a hospital under § 44-7-130(12) are permitted to designate themselves as such. We hold Reg. 61-90 § 101(A) does not violate equal protection.

Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, SANDERS and HOWELL, JJ., concur.