23242

Willie Mae JENKINS, Appellant v. Guy M. MEARES, Jr., and Richland Memorial Hospital, Respondents.

(394 S.E. (2d) 317)

Supreme Court

*Charles L. Henshaw, Jr.* of *O. Fayrell Furr, Jr., P.A.,* Columbia, *for appellant.*

*Carl B. Epps, III,* and *Laura Callaway Hart,* both of *Turner, Padget, Graham & Laney,* Columbia, *for Richland Memorial Hosp.*

*Charles E. Carpenter, Jr.,* and *Donald V. Richardson, III,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for Meares.*

Heard May 23, 1990.

Decided July 23, 1990.

CHANDLER, Justice:

Appellant Willie Mae Jenkins commenced this medical malpractice action against Respondents Guy M. Meares, Jr., and Richland Memorial Hospital, alleging that a gauze pad was negligently left in her abdomen following surgery on

August 14, 1985. The Circuit Court ruled that the action is barred by the statute of limitations in S.C. Code Ann. § 15-3-545 (Supp. 1989), as it existed prior to amendment in 1988.

We affirm.

## BACKGROUND

Appellant stipulates that on August 22, 1985, she discovered the pad had been left inside her abdomen. At that time, § 15-3-545 provided a two-year statute of limitations, running from the date of discovery, for "foreign object" medical malpractice cases. The statute, enacted in 1977, read as follows:

> Any action to recover damages for injury to the person arising out of any medical, surgical or dental treatment, omission or operation by any licensed health care provider as defined in Article 2 of Chapter 59 of Title 38 shall be commenced within three years from the date of the treatment, omission or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence. *When the action is for damages arising out of the placement and inadvertent, accidental or unintentional leaving of a foreign object in the body or person of any one or the negligent placement of any appliance or apparatus in or upon any such person by any licensed health care provider by reason of any medical, surgical or dental treatment or operation, such action shall be commenced within two years from date of discovery or when it reasonably ought to have been discovered;* provided, however, that the provisions of this section shall apply only to causes of action which arise after June 10, 1977, and, as to causes of action which arise prior to June 10, 1977, the Statute of Limitations existing prior to June 10, 1977, shall apply. [Emphasis supplied.]

As part of the 1988 Tort Reform Act,[1] § 15-3-545 was subsequently amended to, among other things, add a three-year minimum limitations period in "foreign object" cases

---

[1] Act No. 432, 1988 S.C. Acts 2891.

which runs from the date of occurrence. The amended version reads, in part, as follows:

> When the action is for damages arising out of the placement and inadvertent, accidental, or unintentional leaving of a foreign object in the body or person of any one or the negligent placement of any appliance or apparatus in or upon any such person by any licensed health care provider acting within the scope of his profession by reason of any medical, surgical, or dental treatment or operation, the action must be commenced within two years from date of discovery or when it reasonably ought to have been discovered; *provided, that, in no event shall there be a limitation on the commencement of the action less than three years after the placement or leaving of the appliance or apparatus.*

S.C. Code Ann. § 15-3-545(B) (Supp. 1989) [Emphasis supplied.]

After this action was commenced on August 15, 1988, Respondents moved for summary judgment on the ground that Appellant's claim is barred by the statute of limitations in § 15-3-545. In response, Appellant argued that the amended version of § 15-3-545 should be given retroactive effect so that the three-year minimum limitations period would apply.[2] Appellant also argued that application of the pre-amendment version of § 15-3-545 would violate equal protection because there is no rational basis for giving plaintiffs in "foreign object" cases only two years from discovery to commence an action while allowing plaintiffs in other medical malpractice cases three years. The Circuit Court rejected Appellant's contentions, holding the action was barred by the two-year statute of limitations.

### ISSUES

1. Should the amended version of § 15-3-545 be applied retroactively?

2. Does the pre-amendment version of § 15-3-545 violate equal protection?

---

[2] Respondents concede that if the three-year period applies, Appellant's claim is timely.

## RETROACTIVITY

Our decisions recognize a presumption that statutory enactments are to be given prospective rather than retroactive effect. An exception to this presumption arises when the enactment is remedial or procedural in nature, such as a statute of limitations. *Goff v. Morgan Mills,* 279 S.C. 382, 308 S.E. (2d) 778 (1983); *Hercules, Inc. v. South Carolina Tax Comm'n,* 274 S.C. 137, 262 S.E. (2d) 45 (1980). These are merely rules of construction, however, and are subject to the paramount rule that the intent of the legislature determines whether a statute will have prospective or retroactive application. *See South Carolina Nat'l Bank v. South Carolina Tax Comm'n,* 297 S.C. 279, 376 S.E. (2d) 512 (1989).

Here, the General Assembly has clearly manifested its intent that the entire Tort Reform Act, including the amendment to § 15-3-545, be applied prospectively. Section 10 of the Act provides: "This act takes effect upon approval by the Governor [April 8, 1988] and applies to those causes of action arising or accruing on or after the effective date of this act." Appellant's claim, having accrued prior to the effective date, does not receive the benefit of the more liberal limitations period under the amended § 15-3-545.

Appellant contends that the following provision in the amended version of § 15-3-545 was intended to make the amendment retroactive to 1977: "The provisions of this section apply only to causes of action which arise after June 10, 1977, and, as to causes of action which arise prior to June 10, 1977, the statute of limitations existing prior to June 10, 1977, applies." S.C. Code Ann. § 15-3-545(C) (Supp. 1989). This language is identical to that contained in the original version of § 15-3-545. Clearly, it was included in the amended version so as to continue the exemption of claims arising prior to 1977; it was not intended to give retroactive effect to the revised limitations period of the amendment.

## EQUAL PROTECTION

This Court has previously applied the "rational relationship," or "rational basis," test in deciding equal protection challenges to § 15-3-545. *Hoffman v. Powell,* 298 S.C. 338, 380 S.E. (2d) 821 (1989); *Smith v. Smith,* 291 S.C.

420, 354 S.E. (2d) 36 (1987). A statute satisfies the requirements of equal protection under this test if: (1) the classification created by the statute is rationally related to its legislative purpose; (2) the members of the class are treated like those similarly situated; and (3) the classification rests on some rational basis. *Ex parte Estate of Evans*, 299 S.C. 366, 384 S.E. (2d) 748 (1989); *Smith, supra.*

The pre-amendment version of § 15-3-545 creates two classes of medical malpractice plaintiffs. "Foreign object" plaintiffs have two years from the date of discovery in which to commence an action. Other plaintiffs are granted three years from discovery to bring suit, but are subject to a maximum six-year "repose" limitation. *See Hoffman v. Powell, supra.*

Appellant contends there is no rational basis for treating these two classes of medical malpractice plaintiffs differently. We disagree.

In *Allrid v. Emory University*, 249 Ga. 35, 285 S.E. (2d) 521 (1982), the Georgia Supreme Court rejected an equal protection challenge to a similar classification scheme. It found the classification rationally related to the statute's legislative purpose, previously outlined in *Dalbey v. Banks*, 245 Ga. 162, 264 S.E. (2d) 4 (1980), as follows:

> The purpose of the legislature in making a distinction between the two types of medical malpractice was to allow the plaintiff's claim which does not rest on professional diagnostic judgment or discretion to survive until actual discovery of the wrongdoing. In such situations the danger of belated, false or frivolous claims is eliminated. The foreign object in the patient's body is directly traceable to the doctor's malfeasance.

The classification created by § 15-3-545 furthers the same purpose. The direct causal connection between a foreign object and its attendant negligent conduct justifies exempting such negligence from any "repose" limitation while, on the other hand, reducing the period in which to bring suit once the object is discovered. Thus, we hold that a rational basis exists for distinguishing between the two classes of plaintiffs.

## CONCLUSION

This medical malpractice action is governed by the pre-amendment version of § 15-3-545. The two-year "foreign object" limitations period of that statute satisfies the requirements of equal protection.

Affirmed.