### 23321

Thomas G. HOWARD, Jr., Employee-Claimant, Appellant v. OWEN STEEL COMPANY, Employer, and Employers Insurance of Wausau, Carrier, Respondents.

(400 S.E. (2d) 149)

Supreme Court

*Sherod H. Eadon, Jr.*, of *Lee, Eadon, Isgett and Popwell*, Columbia, *for appellant.*

*F. Earl Ellis, Jr.*, and *Andrew F. Lindemann*, both of *Nauful and Ellis*, Columbia, *for respondents.*

Heard Dec. 11, 1990.

Decided Jan. 21, 1991.

GREGORY, Chief Justice:

This is a workers' compensation case. The issue for our determination is whether S.C. Code Ann. § 42-3-20 (1985) allows a two-to-one vote by a three-member panel to reverse the decision of a hearing commissioner. We hold it does and affirm.

Section 42-3-20 provides in pertinent part:

> Full Commission reviews shall be conducted by six commissioners only, with the original hearing commissioner not sitting at such reviews. When one commissioner is temporarily incapacitated or a vacancy exists on the Commission, reviews may be conducted by the five remaining commissioners but in such cases decisions of the hearing commissioner shall not be reversed except on the vote of at least four commissioners; *provided,* however, that effective July 1, 1981 full Commission reviews may be conducted by three-member panels composed of three commissioners appointed by the chairman excluding the original hearing commissioner.

Appellant argues that under § 42-3-20, appeals heard by a three-member panel of the Workers' Compensation Commission require a three-to-zero vote in order to reverse the hearing commissioner's decision. Appellant arrives at this conclusion by extrapolation from the statute's provision that a five-member panel may reverse only by a four-to-one, rather than a simple majority, vote. He argues the statute envisions a result reached by majority vote of all commissioners who hear the case, including the original vote of the hearing commissioner. This scheme would require a unanimous vote by a three-member panel in order to reverse the decision of a hearing commissioner.

We decline to adopt appellant's rather convoluted construction of this statute. The statute is silent on the vote margin necessary for reversal by a three-member panel. We find no compelling reason to overrule the Commission's long-standing interpretation which requires simply a majority vote for reversal. *See Dunton v. South Carolina Board of Examiners in Optometry,* 291 S.C. 221, 353 S.E. (2d) 132 (1987) (construction of a statute by an agency charged with its administration will be accorded most respectful consideration and will not be overruled absent compelling reasons). Obviously, this construction neither favors nor penalizes either party as either may be the "winner" at the hearing level.

In reaching this conclusion, we reject appellant's argument such a construction of § 42-3-20 violates equal protection. Appellant complains the class of litigants whose appeals are

heard by three-member panels are treated differently from litigants whose appeals are heard by other panels. We disagree. In all instances the votes required for reversal bear at least a two-to-one ratio to those for affirmance. We conclude our construction of § 42-3-20 is constitutionally sound under an equal protection analysis. *See Kate v. South Carolina Dept. of Health and Environmental Control,* ___ S.C. ___, 391 S.E. (2d) 573 (1990).

The judgment of the circuit court is

Affirmed.

HARWELL, FINNEY and TOAL, JJ., and GOOLSBY, Acting Associate Justice, concur.