THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Robert M. Hendricks, Appellant,
v.
Belcher Staffing and South Carolina Employment Security Commission,
Respondent.
 
 
 

Appeal From Richland County
 J. Ernest Kinard, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-060
Submitted January 1, 2005  Filed January 
 24, 2005

AFFIRMED

 
 
 
Robert M. Hendricks, pro se, of Columbia.
Harold W. Funderburk, Jr., of Columbia, for Respondents.
 
 
 

PER CURIAM:  Robert M. Hendricks appeals the denial of his application 
 for unemployment compensation.  We affirm. [1] 

FACTS AND PROCEDURAL BACKGROUND
In March 2002, Hendricks began working for Belcher Staffing, Inc., 
 a temporary employment agency, performing electrical work at various job sites. 
 On May 29, 2002, he left the job to which he had been assigned because he was 
 dissatisfied with the compensation that he was receiving.  
About two weeks later, Hendricks contacted Chester Lee Belcher, the president 
 of Belcher Staffing, about additional work.  Belcher informed Hendricks that 
 there might be work available with Signature Staffing in Charleston and gave 
 him the telephone number.  Although Belcher also admitted to lending Hendricks 
 money for travel expenses to Charleston and receiving reimbursement from Signature 
 Staffing for the loan, he denied having anything directly to do with Hendricks 
 employment with Signature Staffing.  
Hendricks worked for Signature Staffing for about a week and a half, when he 
 was terminated from his assignment because his helper accidentally cut a wire 
 too short.  He continued to look for work through Belcher Staffing but without 
 success.  In the summer of 2002, he applied to the Employment Security Commission 
 for unemployment compensation.
In response to Hendricks application, Belcher Staffing took the position that 
 he was ineligible for benefits because he walked off the job of the most recent 
 assignment that Belcher Staffing gave him and had not returned.  In addition, 
 Hendricks admitted that he did not earn eight times his weekly benefit amount 
 from Signature Staffing, making him ineligible for benefits from that employment.  
 Hendricks, however, contended that Signature Staffing was either a subsidiary 
 or a branch of Belcher Staffing and that his short tenure with Signature Staffing 
 was therefore a continuation of his work with Belcher Staffing.  
Both the administrative hearing officer and the Commission found (1) Hendricks 
 had not earned sufficient wages from any employer subsequent to his employment 
 with Belcher Staffing, and (2) Hendricks eligibility for unemployment compensation 
 was contingent on the reasons for his separation from Belcher Staffing.  Pursuant 
 to South Carolina Code section 41-35-120(1), it was determined that Hendricks 
 voluntarily quit available work without good cause attributable to the employment 
 and was therefore ineligible for benefits.
Hendricks filed a petition for judicial review in the Court of Common Pleas 
 for Richland County.  After a hearing in the matter, the circuit court issued 
 an order denying a motion by Hendricks to amend his petition and affirming the 
 decision of the Commission.  This appeal followed.
LAW/ANALYSIS
1.  Hendricks argues his due process rights were violated because the circuit 
 court did not allow him to amend his petition in light of evidence that he alleges 
 he did not receive until the Commission filed its answer.  Similarly, he argues 
 he was improperly deprived of the opportunity to review this evidence at the 
 appropriate time.  The record, however, does not support either of these contentions.
According to Hendricks brief, the evidence that he claims was withheld from 
 him consists of documents filed with the Commission stating Belcher Staffing 
 was opposing Hendricks application for unemployment benefits because it believed 
 Hendricks had walked off the job.  The transcript of testimony taken by the 
 administrative hearing officer, however, shows that a copy of Belcher Staffings 
 statements was shown to Hendricks during the hearing.  Furthermore, in a document 
 filed by Hendricks himself before this hearing, it was clear that Hendricks 
 was aware of the position taken by Belcher Staffing regarding his claim. 
 [2] 
2.  Hendricks next alleges the circuit court erred in ruling on the merits 
 of his appeal notwithstanding that the notification he received from the court 
 indicated that the hearing was to address his motion to amend.  We find no reversible 
 error.  During the hearing, Hendricks made no objection to inquiries from the 
 court that were not directly related to his motion to amend and even advanced 
 his own arguments about the merits of the case.  Moreover, he never moved to 
 alter or amend the appealed order on the ground that it addressed issues beyond 
 the motion. [3] 
3.  Hendricks further contends he was denied due process because 
 the administrative hearing was held behind closed doors instead of a public 
 hearing.  Hendricks, however, made no timely objection on this issue; therefore, 
 even if the setting or procedure of the hearing resulted in a deprivation of 
 due process, this issue is not preserved for appeal. 
 [4] 
4.  Hendricks next argues that the statutory limitation on fees that 
 attorneys can charge claimants in administrative hearings for unemployment benefits [5] amounted to a denial of his right to counsel 
 and a deprivation of his due process rights.  The record, however, does not 
 reflect that Hendricks made this argument to either the administrative hearing 
 officer or to the circuit court; therefore, this issue has not been preserved 
 for appeal.
5.  Hendricks attempted to ask about a potential job with a subsequent 
 employer and the number of job assignments he worked on as an electrician.  
 The hearing officer ruled these questions were irrelevant.  Hendricks argues 
 on appeal that this ruling improperly limited his cross-examination of witnesses.  
 We find no abuse of discretion.  The central inquiry before the hearing officer 
 was the reason for Hendricks separation from his last assignment with his employer.  
 The number of jobs he had worked on as an electrician or what job referral he 
 might have received was not pertinent to this issue.
6.  Similarly, Hendricks contends the hearing officer improperly 
 limited his cross-examination of Belcher on the issue of whether Belcher Staffing 
 and Signature Staffing were the same corporate entity.  We find no error.  The 
 hearing officer permitted Hendricks to present evidence from the Secretary of 
 State about how both businesses were licensed.  This evidence showed that Belcher 
 Staffing and Signature Staffing were separately incorporated as private employment 
 agencies.  We cannot fault the hearing officer for refusing to entertain additional 
 cross-examination from Hendricks on this issue. 
 [6] 
7.  Hendricks next argues that Belchers statement that he walked 
 off the job was inconsistent with testimony from Belcher during the hearing 
 that Hendricks failed to show up for work and asked to be moved.  He asserts 
 this inconsistency is grounds for reversal.  We disagree.  The alleged variations 
 between Belchers statements do not amount to an inconsistency, let alone undermine 
 the Commissions determination that under South Carolina Code section 42-35-120 
 Hendricks was disqualified from receiving unemployment benefits because he left 
 his most recent work without good cause. 
 [7]   There is substantial evidence in the record to support the Commissions 
 finding of fact that Hendricks left his assignment with Belcher Staffing because 
 he was unhappy with his pay and status on the job.  Furthermore, there is no 
 evidence suggesting that work was no longer available on this assignment or 
 that the terms and conditions of the assignment had changed during Hendricks 
 tenure with Belcher Staffing.
8.  Finally, Hendricks maintains the Commission violated 
 his rights by [c]onsidering unethical business practices as a waiver to State 
 law and unemployment provisions.  In his brief however, Hendricks does not 
 address this issue, but instead asserts his work for Signature Staffing was 
 really a continuation of his work for Belcher Staffing.  The Commission, however, 
 found that Signature Staffing was not a subsidiary of or related entity to Belcher 
 Staffing, and there is substantial evidence to support this finding.  The evidence 
 Hendricks presented showed only that Signature Staffing was located in the same 
 office space used by Belcher Staffing when the latter entity operated a branch 
 in North Charleston and that the incorporators and operators of Signature Staffing 
 had previously worked for Belcher Staffing.  The Secretary of State was notified 
 that, as of February 1, 2002, before Hendricks began working for Belcher Staffing, 
 that entity had ceased operating its office in North Charleston.  In addition, 
 Belcher testified that the two businesses were totally separate entities and 
 that he helped Hendricks obtain work with Signature Staffing solely to accommodate 
 Hendricks and Signature Staffing.  Finally, the documents from the Secretary 
 of State confirm that different individuals separately incorporated the two 
 entities, that the businesses were separately licensed as employment agencies, 
 and that they were not active in the Charleston area at the same time.
AFFIRMED.
HEARN, C.J., and GOOLSBY and WILLIAMS, 
 JJ., concur.

 
 [1]   We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2]   Hendricks wrote the following regarding his reason 
 for quitting:  Reason given by my employer was due to me walking off the 
 job.  I disagree with the reason.  I left the job because I was doing the 
 work as an electricians and was being pay has a electrician helper.  I told 
 my employer about this and he did nothing.

 
 [3]   See Noisette v. Ismail, 304 S.C. 
 56, 58, 403 S.E.2d 122, 124 (1991) (holding that, when the trial court does 
 not explicitly rule on a question and the appellant fails to move under Rule 
 59(e), SCRCP, to amend or alter the judgment on that ground, the issue is 
 not properly before the court of appeals).

 
 [4]   See Hoffman v. Powell, 298 S.C. 
 338, 380 S.E.2d 821 (1989) (stating a constitutional claim must be raised 
 and ruled on to be preserved for appellate review).

 
 [5]   See S.C. Code Ann. § 41-39-30 (1986) (allowing 
 the Employment Security Commission to limit fees charged by attorneys from 
 claimants for representation in proceedings before the Commission).

 
 [6]   See S.C. Code Ann. § 1-23-330(1) (1985) 
 (stating that in contested cases unduly repetitious evidence shall be excluded).

 
 [7]   See id. § 42-35-120(1) (1986) (Any 
 insured worker is ineligible for benefits  . . . [i]f the Commission finds 
 that he has left voluntarily, without good cause, his most recent work . . 
 . .); Stone Mfg. Co. v. S.C. Employment Sec. Commn, 219 S.C. 239, 
 247, 64 S.E.2d 644, 647 (1951) ([T]he words good cause . . . contemplate, 
 ordinarily at least, a cause attributable to or connected with claimants 
 employment.).