THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Elizabeth B. McCullar and J.W. McCullar, Appellants,
v.
The Estate of Dr. William Cox Campbell, and Palmetto Health Alliance d/b/a Palmetto Health Baptist, Defendants, of whom The Estate of Dr. William Cox Campbell is the,
Respondent.
 
 
 

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2006-UP-332
Heard September 12, 2006  Filed September 20, 2006   

REVERSED AND REMANDED

 
 
 
Kevin Hayne Sitnik, of Columbia, for Appellant. 
Kay Gaffney Crowe, of Columbia, for Respondent.
 
 
 

PER CURIAM: The circuit court dismissed J.W. and Elizabeth McCullars medical malpractice action against Dr. William Cox Campbells estate pursuant to a Rule 12(b)(1), SCRCP, motion for lack of subject matter jurisdiction.  We reverse. 
I.
In late 2001, Dr. Campbell performed a breast reconstructive surgery and a follow-up surgery on Elizabeth McCullar.  Dr. Campbell died shortly thereafter on December 24, 2001, and his estate closed on January 30, 2004.  
The McCullars filed a lawsuit in the circuit court on December 21, 2004, alleging Dr. Campbell negligently performed Elizabeth McCullars breast reconstructive surgery and follow-up surgery.[1]  J.W. McCullar additionally asserted a claim for loss of consortium.  Dr. Campbells estate moved to dismiss the action, pursuant to Rule 12(b)(1), SCRCP, for lack of subject matter jurisdiction.  
At the motion hearing, Dr. Campbells estate argued the circuit court lacked the power to hear the McCullars case because the probate court retained this matter in its exclusive original jurisdiction under section 62-1-302(a)(1) of the South Carolina Code (Supp. 2005).  Dr. Campbells estate claimed section 62-1-302(a)(1) confers exclusive original jurisdiction to the probate court for all subject matter related to decedents estates.
The McCullars countered that section 62-1-302(b) of the South Carolina Code (Supp. 2005) and section 62-3-804(2) of the South Carolina Code (1987) governed their lawsuit.  These sections provide respectively that the probate courts jurisdiction over matters involving wrongful death or actions under the survival statute is concurrent with that of the circuit court and extends only to the approval of settlements and that a tort claimant may sue the personal representative of an estate in any court where the personal representative may be subjected to jurisdiction.[2]   
Relying exclusively on section 62-1-302(a)(1) and Ex parte Estate of Evans v. Lynch, 299 S.C. 366, 384 S.E.2d 748 (1989), the circuit court agreed with Dr. Campbells estate and granted the motion to dismiss.  The circuit court specifically found the McCullars must petition the probate court to reopen the estate and subsequently petition to have the case removed to the circuit court.  The McCullars filed a motion to alter or amend the order, which the circuit court denied on September 9, 2005.  
While the circuit court was considering Dr. Campbells estates motion to dismiss, the McCullars petitioned the probate court to reopen Dr. Campbells estate for the purpose of appointing a successor personal representative of the estate.  This was accomplished prior to the disposition of the motion to dismiss with the appointment of Joanne Dukes Campbell on August 19, 2005 as successor personal representative of the estate.  
II.
The sole issue on appeal is whether the circuit court properly dismissed the McCullars suit against Dr. Campbells estate on the grounds that the circuit court lacked subject matter jurisdiction over the tort claims against Dr. Campbells estate.  
The circuit court relied exclusively on section 62-1-302(a)(1) and Ex parte Estate of Evans v. Lynch in dismissing the McCullars action.  These authorities do not resolve the subject matter jurisdiction issue Dr. Campbells estate presented to the circuit court.  Although section 62-1-302(a)(1) provides the probate court with exclusive original jurisdiction over all subject matter related to . . . estates of decedents, including the contest of wills, construction of wills, and determination of heirs and successors of decedents and estates of protected persons, when read in light of the other sections of the probate code, it is clear tort claims against an estate are not limited to the probate courts exclusive original subject matter jurisdiction.  See 
S.C. State Ports Auth. v. Jasper County, 368 S.C. 388, 398, 629 S.E.2d 624, 629 (2006) (In construing statutory language, the statute must be read as a whole and sections which are a part of the same general statutory law must be construed together and each one given effect.).  For example, section 62-3-804(2) of the South Carolina Code (1987) allows a tort claimant to sue the personal representative of an estate in any court where the personal representative may be subjected to jurisdiction.  
The circuit courts reliance on Ex parte Estate of Evans for the proposition that the probate court has exclusive original subject matter jurisdiction over tort claims against a decedents estate was also misplaced.  In Ex parte Estate of Evans, the respondent filed a petition to reopen an estate in order to assert a medical malpractice claim against the estate and decedents liability insurer.  299 S.C. at 367, 384 S.E.2d at 749.  The circuit court affirmed the probate courts ruling that reopening the estate was permissible under section 62-3-803(c)(2), which allows liability claims against an estate otherwise not permitted by the nonclaim sections of the statute to the extent the decedent was protected by liability insurance.  Id.  On appeal before the supreme court, the appellant liability insurer argued section 62-3-803(c)(2) denied it equal protection of the law.  Id.  The court held that section 62-3-803(c)(2) does not violate the equal protection clauses of the state and federal constitutions.  Id. at 368, 384 S.E.2d at 750.  The court did not, however, hold that the probate court had exclusive original subject matter jurisdiction over the claim.
A case more in line with the case at bar is Kolb v. Cook, 284 S.C. 598, 327 S.E.2d 379 (Ct. App. 1985).  In Kolb, the respondents brought a medical malpractice suit against a physicians estate.  Id. at 599-600, 327 S.E.2d at 380.  The physicians estate argued the respondents were required to satisfy procedural requirements of the probate court before prosecuting their tort claim in circuit court.  Id. at 601, 327 S.E.2d at 381.  This court found, Where, as here, the survival statute permits a suit directly against the personal representative in the court of common pleas, the claimant of such assets may bypass the probate court if, at the commencement of the action, there is a suable estate representative.  Id.  
As in Kolb, the McCullars claims are survival claims pursuant to section 15-5-90.  Section 62-1-302(b) provides that the probate courts jurisdiction over matters involving . . . actions under the survival statute is concurrent with that of the circuit court and extends only to the approval of settlements as provided in Sections 15-51-41 and 15-51-42 and to the allocation of settlement proceeds among the parties involved in the estate.  In Kolb, a case almost identical to the present one, this court held the claimant may bypass the probate court.  284 S.C. at 601, 327 S.E.2d at 381.
Bypassing the probate court would not be possible if the probate court had exclusive subject matter jurisdiction.  
Admittedly, there was a suable personal representative in Kolb at the commencement of that suit.  The motion of Dr. Campbells estate, however, turned exclusively on the argument of exclusive original subject matter jurisdiction in the probate court pursuant to section 62-1-302(a)(1)  not the absence of a suable personal representative.  Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.  Dove v. Gold Kist, Inc., 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994) (quoting Bank of Babylon v. Quirk, 192 Conn. 447, 472 A.2d 21, 22 (1984)).  Subject matter jurisdiction does not depend on the capacity of the parties to sue or be sued.  See Bardoon Props., NV v. Eidolon Corp., 326 S.C. 166, 170, 485 S.E.2d 371, 373 (1997); see also Chet Adams Co. v. James F. Pedersen Co., 307 S.C. 33, 36-37, 413 S.E.2d 827, 829 (1992).  Moreover, Dr. Campbells estate was reopened and the personal representative reappointed before the motion to dismiss was concluded in the circuit court.
III.
The narrow grounds relied upon by Dr. Campbells estate and adopted by the circuit court provide no basis to conclude that the circuit court lacks subject matter jurisdiction to hear a medical malpractice action against an estate.  To the contrary, a fair reading and careful review of the probate code leads to the conclusion that the circuit court has subject matter jurisdiction over such tort claims against an estate.  The circuit court erred in dismissing the McCullars suit for lack of subject matter jurisdiction in the circuit court.  We therefore reverse and remand for further proceedings.
 REVERSED and REMANDED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1]  Under section 62-3-803(a)(1) and (c)(2) of the South Carolina Code (Supp. 2005), claims against a decedents estate are generally barred one year after the decedents death, except for claims against the decedents liability insurance.  Because this case involves liability insurance, there is no challenge to the timeliness of the suit.  
[2]  The survival statute, section 15-5-90 of the South Carolina Code (2005), provides that causes of action for and in respect to any and all injuries to the person shall survive both to and against the personal or representative of a deceased person.