**Bernadette GREEN, Plaintiff,**

v.

**KENTUCKY HIGHER EDUCATION ASSISTANCE AUTHORITY and State of Alabama, Defendants.**

**No. 97–1022–RV–C.**

United States District Court, S.D. Alabama, Southern Division.

Feb. 23, 1999.

---

Christopher Knight, Federal Public Defender, Southern District of Alabama, Mobile, AL, Nancy Bunin, Legal Services

Corp. of Alabama, Mobile, AL, for Plaintiff.

Lawrence B. Voit, Mobile, AL, Kristy M. Green, Asst. Gen. Counsel, Kentucky Higher Education Assistance Authority, Frankfort, KY, A. Lee Miller, III and Lewis E. Bell, Jr., Alabama Dept. of Finance, Montgomery, AL, for Defendant.

VOLLMER, District Judge.

This matter is before the court on the following documents:

1. "Motion for Summary Judgment," (doc. 23), filed by plaintiff Bernadette Green, together with a supporting brief, (doc. 24), and proposed findings of fact and conclusions of law;

2. "Motion for Summary Judgment," (doc. 30), filed by defendant Kentucky Higher Education Assistance Authority (KHEAA), together with proposed findings of fact and conclusions of law;

3. The parties' joint preliminary pretrial document. (doc. 28).

Having considered the briefs, the proposed facts and conclusions of law filed pursuant to Local Rule 7.2, and the agreed facts, and having considered the pleadings and other relevant material in the record, the court finds that no genuine issue of material fact exists and that plaintiff is entitled to judgment as a matter of law on her claims pursuant to Federal Rule of Civil Procedure 56. Accordingly, it is

**ORDERED that the motion for summary judgment is GRANTED. The court finds that the following material facts are undisputed and, based on those facts, makes the following conclusions of law.**

## UNDISPUTED FACTS

1. Plaintiff Bernadette Green brought this civil action seeking declaratory and injunctive relief with respect to an administrative wage garnishment imposed by defendant Kentucky Higher Education Assistance Authority (KHEAA) pursuant to 20 U.S.C. § 1095a.

2. Ms. Green was an employee of the defendant State of Alabama (Department of Mental Health) until November 13, 1997, when she resigned her position for reasons unrelated to this litigation.

3. At some point in time, plaintiff incurred two (2) separate debts under the federally-insured student loan program, one to USA Funds, Inc. and one to KHEAA. At all material times, plaintiff has been in default of both loans.

4. The Higher Education Act of 1965, as amended in 1991 by 20 U.S.C. § 1095a, provides that a federal guaranty agency can garnish a student loan debtor's disposable wages up to ten percent (unless the debtor agrees in writing to a greater amount). The Act and accompanying federal regulations promulgated by the Secretary of Education create an administrative garnishment procedure, alleviating the requirement on the guarantor to file a lawsuit, obtain a judgment, and the pursue collection by way of judicial garnishment.

5. The parties do not dispute that both USA Funds and KHEAA are federal guaranty agencies as defined under the Act and that those agencies were authorized to invoke the administrative garnishment procedures under the Act.

6. On April 23, 1996, USA Funds served an administrative garnishment on plaintiff's employer, defendant State of Alabama, to collect an outstanding defaulted student loan balance of $ 3,809.20 The State began withholding pursuant to this garnishment on July 3, 1996, and continued to withhold the sum of $ 41.95 per pay period, approximately ten (10%) of plaintiff's pay, until her last pay period, November 21, 1997.

7. On August 26, 1997, KHEAA served an administrative garnishment on plaintiff's employer, the State, to collect a second outstanding defaulted student loan balance of $ 815.62. The State began withholding pursuant to this garnishment on October 10, 1997, and it withheld $ 43.77 per day period, approximately ten percent (10%) of plaintiff's pay, for the pay periods ending October 10, 1997, October

24, 1997, and November 7, 1997. The total withheld pursuant to the KHEAA garnishment was $ 131.31, and the State has remitted those funds to KHEAA.

8. The State currently holds no funds that it withheld from plaintiff's pay under either administrative garnishment.[1]

9. The three withholdings made pursuant to the KHEAA garnishment were made concurrently with three withholdings pursuant to the USA Funds, Inc.'s garnishment. Thus, for at least three pay periods, plaintiff's wages were garnished pursuant to two administrative garnishments, one each by two different guaranty agencies, for a total garnishment of twenty percent (20%) of her pay.

## CONCLUSIONS OF LAW

### Jurisdiction and Venue

1. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### Summary Judgment Standard

2. As the Court of Appeals for the Eleventh Circuit cogently explained:

Summary judgment is proper in cases in which there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). . . . [The court] must view all of the evidence in the light most favorable to the non-moving party. *Samples ex. rel. Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). The movant bears the initial burden of presenting evidence sufficient to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When the movant has met its burden, the non-movant must then designate, by affidavits, depositions, admissions, and answer to interrogatories, specific facts showing the existence of a genuine issue for trial. *Jeffery v. Sara-*

*sota White Sox, Inc.,* 64 F.3d 590, 593–94 (11th Cir.1995).

*Southern Solvents, Inc. v. New Hampshire Ins. Co.,* 91 F.3d 102, 104 (11th Cir.1996). Further,

An issue of fact is "genuine" if the record as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is "material" if it might affect the outcome of the case under the governing law. *Id.*

*Bennett v. United States,* 102 F.3d 486, 488 (11th Cir.1996).

The parties agree that there are no genuine issues of material fact and that summary judgment is appropriate in this case.

### Plaintiff's Claims Based on 20 U.S.C. § 1095a

3. Plaintiff contends that 20 U.S.C. § 1095a does not allow more than 10% of her wages to be garnished administratively and, therefore, that the second administrative garnishment (the one issued by KHEAA) unlawfully subjected 20% of her wages to garnishment. Specifically, she contends that 20 U.S.C. § 1095a provides for an election by the debtor, who can prevent more than 10% of her wages from being garnished by a federal guaranty agency under 20 U.S.C. § 1095a. Plaintiff also contends that the regulation promulgated by the Secretary of Education at 34 C.F.R. § 682.410(b)(10)(i)(A) provides that the employer shall deduct an amount from the debtor's wages which does not exceed the lesser of 10% of the disposable pay for each pay period or the amount provided by 15 U.S.C. § 1673(a), unless the borrower provides the agency with written consent to deduct a greater amount.

4. Defendant KHEAA contends that the Higher Education Act of 1965, as amended at 20 U.S.C. § 1095a, permits garnishment of student loan indebtedness

---

1. For this reason, and because plaintiff is no longer employed by the State, it is OR-DERED that the motion to dismiss filed by the State is **GRANTED**, and the State of Alabama is hereby **DISMISSED** as a party to this action.

by student loan guaranty agencies of up to 10% of the debtor's disposable pay by each guaranty agency to which the borrower is indebted. According to this argument, the HEA does not restrict or prevent multiple garnishments provided that each individual garnishment does not itself exceed 10% of the borrower's disposable pay as defined by that statute. More specifically, KHEAA contends that the Act itself does not set a cap on the aggregate amount to be garnished for student loan obligations; rather, it argues, the aggregate amount of garnishments provided by law is established by the Consumer Credit Protection Act, 15 U.S.C. § 1673(a)(1). The CCPA permits aggregate garnishments up to a maximum of 25% of an individual's disposable pay and permits in excess of 25% of disposable earnings in situations not applicable here.

**Interplay between 20 U.S.C. § 1095a and 15 U.S.C. § 1673(a)**

5. The Higher Education Act of 1965, as amended by 20 U.S.C. § 1095a, permits the Secretary of Education or a federal guaranty agency to administratively garnish up to 10% of a borrower's disposable pay in order to collect defaulted student loans. This amendment to the Higher Education Act of 1965 was enacted by Congress in 1991. The pertinent language of the statute provides:

(a) Garnishment Requirements. Notwithstanding any provision of State law, a guaranty agency ... may garnish the disposable pay of an individual to collect the amount owed by the individual, if he or she is not currently making required repayment under a repayment agreement with the Secretary, or, in the case of a loan guaranteed under part B of this subchapter on which the guaranty agency received reimbursement from the Secretary under section 1078(c) of this title, with the guaranty agency holding the loan, as appropriate, provided that—

(1) the amount deducted for any pay period may not exceed 10 percent of disposable pay, except that a greater percentage may be deducted with the written consent of the individual involved.

20 U.S.C. § 1095a(a)(1).

Disposable pay is defined at 20 U.S.C. § 1095a(d) as "that part of the compensation of any individual from an employer remaining after the deduction of any amounts required by law to be withheld."

Title 20, U.S.C § 1095a contains numerous procedural requirements, including that the debtor be given notice of the garnishment, an opportunity to inspect records related to the debt, to enter a repayment agreement, and to request a hearing on the existence of or the amount of the debt. However, the HEA provides that if an untimely request for a hearing is made, a hearing must be provided, but the hearing need not be provided before the issuance of a garnishment order. 20 U.S.C. § 1095a(b).

6. Title 15, U.S.C. § 1673(a) delineates the maximum amount allowed to be garnished for consumer debt. That statute restricts garnishment of a person's earnings to the lesser of 25% of his/her disposable pay for the work week or the amount by which his/her disposable earnings exceed thirty times the minimum hourly wage prescribed by Section 6(a)(1) of the Fair Labor Standards Act of 1938 29 U.S.C. § 206(a)(1). This statute's enactment predates the 1991 amendment to the Higher Education Act of 1965 at 20 U.S.C. § 1095a.

7. The garnishment process contemplated by the HEA, as amended by 20 U.S.C. § 1095a, is a wholly administrative process which authorizes garnishment prior to the entry of a judgment against the borrower, and one of its purposes was to reduce the cost involved to collect defaulted loans which are often small in amount. As one court has noted, "The establishment of a 10% garnishment rate in 20 U.S.C. § 1095a must be viewed as somewhat of a compromise—one designed to effectively recover funds without imposing undue hardship on lower income student

loan debtors." *United States of America v. Heidi G. Starr*, Case No. 90–14072–CIV–HOEVELER (May 8, 1998).[2]

8. In contrast, garnishments pursuant to the Consumer Credit Protection Act, 15 U.S.C. § 1673(a), require adherence to the strictures of due process of law prior to the garnishment of the debtor's wages. *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Due process of law requires as a minimum that the interested parties be given sufficient notice to apprise them of the pendency of the action and present them with an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Sammons v. Taylor*, 967 F.2d 1533 (11th Cir.1992).

After the enactment of the CCPA, 15 U.S.C. § 1673, and after the decision rendered in *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), the only constitutionally permissible garnishments, in the absence of other statutory enactments which adhered to the notice and hearing requirements of due process, were post-judgment garnishments. *Id.*

9. Hence, the issue in this case is whether Congress, in amending the Higher Education Act of 1965, at 20 U.S.C. § 1095a, intended to limit the amount of the debtor's disposable pay which could be subjected to administrative garnishment to 10% at any one time; or did Congress intend that more than 10% of the borrower's disposable earnings, up to the aggregate amount allowed by the more general statute, 15 U.S.C. § 1673(a), 25%, be allowed?

10. Neither party has cited any expression of legislative intent with respect to the interplay between 20 U.S.C. § 1095a and 15 U.S.C. § 1673, and the court's research disclosed no caselaw on point. Where there is no expression of legislative intent, the courts must instead look to the plain meaning of the statute as set forth in its language. Two statutes dealing with the same subject matter are to be read in pari materia and harmonized whenever possible. *Erlenbaugh v. United States*, 409 U.S. 239, 243, 93 S.Ct. 477, 34 L.Ed.2d 446 (1972); *In the Matter of Johnson*, 787 F.2d 1179 (7th Cir.1986).

11. Applying these principles to the statutes at issue, the court concludes that Congress intended to limit the amount which could be withheld from a debtor's pay pursuant to administrative garnishment to a maximum of 10% at any one time. Congress expressed this intent by allowing the debtor the election of whether more than 10% could be withheld. 20 U.S.C. § 1095a(1). The Secretary of Education confirmed this intention by promulgating regulation 34 C.F.R. § 682.410(b)(10)(i)(A):

> The employer shall deduct and pay to the agency from a borrower's wages an amount that does not exceed the lesser of 10% of the borrower's disposable pay for each pay period or the amount permitted by 15 U.S.C. § 1673.

This regulation clearly states that no more than 10% can be withheld from a borrower's pay at any one time.

12. It is elementary that a specific statute takes precedence over a more

---

**2.** The following remarks by Senator Kassebaum with respect to the passage of the 20 U.S.C. § 1095a were noted in the Congressional Record:

> Although many think we will be garnishing the wages of doctors and lawyers, the stark reality is that those individuals whose wages are going to be garnished are mostly those with outstanding loans from schools from which these individuals never received a degree or the skills necessary to obtain worthwhile jobs. I am not saying that stu-

dent loan defaults should not be repaid. However, Senators should understand that this will not be a painless revenue we are going after. The student loan defaulters we are going after are for the most part not the country club doctors—but rather unwed mothers trying to raise a family on a minimum wage job. Garnishment, rightly or wrongly, is going to impose severe hardships on these people.

137 Cong. Rec. S16833 (1991).

general one. *Busic v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *Manstream v. United States Dep't of Agriculture,* 649 F.Supp. 874, 882 (M.D.Ala.1986). Also, a later statute may limit the scope of an earlier statute. *Davis v. United States,* 716 F.2d 418, 428 (7th Cir.1983). Applying these statutory construction principles, the more specific statute, 20 U.S.C. § 1095a, must take precedence over the more general statute, 15 U.S.C. § 1673. In enacting 20 U.S.C. § 1095a, Congress was limiting the percentage of a debtor's disposable pay which could be administratively garnished at any one time specifically for a federally-insured student loan debt. If Congress had intended to include a full 25% garnishment under 20 U.S.C. § 1095a, it could certainly have so stated. In limiting the amount garnishable to the lesser of 10% of a debtor's disposable pay or the amount allowed by 15 U.S.C. § 1673, Congress plainly stated that no more than 10% could be withheld at any one time unless the amount deductible under 15 U.S.C. § 1673 was less than the 10%.

█ 13. Plaintiff was subjected to two administrative garnishments of 10% each of her wages on three separate occasions, resulting in a withholding of approximately 20% of her disposable pay. These withholdings occurred on October 10, 1997, October 24, 1997, and November 7, 1997. The court concludes that the administrative garnishment issued by KHEAA was not permitted under 20 U.S.C. § 1095a, and therefore, the three withholdings made pursuant to that garnishment were contrary to law.

### Declaratory Judgment

█ 14. At the time of the filing of this action, there existed between the parties an actual case or controversy which authorized this Court to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. This being the case, the entry of a declaratory judgment is appropriate, and the court concludes that a declaratory judgment should be issued. *GTE Directories Pub. Corp. v. Trimen*

*America, Inc.,* 67 F.3d 1563 (11th Cir. 1995); *Guaranty National Ins. Co. v. Beeline Stores, Inc.,* 945 F.Supp. 1510 (M.D.Ala.1996); 28 U.S.C. § 2201.

### Injunctive Relief

█ 15. Injunctive relief is appropriate if there is a substantial threat of irreparable harm to the movant should the injunction not be issued, if the threatened injury outweighs the harm the injunction may cause, and if the granting of the injunction would serve the public interest. *Church v. City of Huntsville,* 30 F.3d 1332 (11th Cir.1994). Although plaintiff is no longer in the employ of defendant State, the court is of the opinion that injunctive relief is required in this case to prevent future double withholdings from plaintiff's disposable pay and to require defendant KHEAA to return the monies which were withheld in violation of 20 U.S.C. § 1095a. The court concludes that plaintiff has met the requirements for injunctive relief, that defendant KHEAA should be enjoined from issuing future garnishments where it is aware of the existence of another administrative garnishment under 20 U.S.C. § 1095a, and that Defendant KHEAA should return to plaintiff the funds withheld pursuant to its garnishment ($131.31).

### CONCLUSION

16. For the foregoing reasons, plaintiff Bernadette Green is entitled to summary judgment, declaratory judgment, and injunctive relief on her claims against defendant KHEAA. Pursuant to Federal Rule of Civil Procedure 58, judgment shall be entered by separate document.

17. This order disposes of all of the claims presented in this case.

### JUDGMENT

In accordance with the order entered on the same date as this judgment, declaratory judgment is entered in favor of plaintiff Bernadette Green and against defendant Kentucky Higher Education Assistance Authority (KHEAA), the court

hereby declaring that the administrative garnishment served by KHEAA was unlawful under 20 U.S .C. § 1095a because ten percent of plaintiff's disposable pay was already being withheld pursuant to another administrative garnishment under that statute.

Summary judgment is hereby entered in favor of plaintiff Green and against defendant KHEAA in the amount of One Hundred Thirty-one and $^{31}/_{100}$ Dollars ($131.31), this sum being the amount of funds withheld by plaintiff's employer and turned over to KHEAA pursuant to the administrative garnishment served by KHEAA. Post-judgment interest shall accrue on this judgment in accordance with 28 U.S.C. § 1961.

Defendant KHEAA is permanently enjoined from issuing or causing to be issued an administrative garnishment of plaintiff's disposable pay under 20 U.S.C. § 1095a when it is aware, after reasonable inquiry, of the existence of another administrative garnishment of plaintiff's disposable pay under 20 U.S.C. § 1095a.