588 S.E.2d 599

**UNITED STUDENT AID FUNDS, INC., Petitioner,**

**v.**

**THE SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, an Agency of the State of South Carolina; Grady L. Patterson, in his official capacity as Treasurer for the State of South Carolina; and James A. Lander, in his official capacity as Comptroller General for the State of South Carolina, Respondents.**

No. 25746.

Supreme Court of South Carolina.

Heard Sept. 24, 2003.

Decided Nov. 3, 2003.

268

Lil Ann Gray and James D. Cooper, Jr., of Cooper, Coffas, Moore & Gray, P.A., of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster and Assistant Deputy Attorney General J. Emory Smith, Jr., for Respondents State Treasurer and Comptroller General and General Counsel Carlisle Roberts, Jr., and Staff Counsel Elizabeth F. Potter, for Respondent The South Carolina Department of Health and Environmental Control, all of Columbia.

Justice BURNETT:

The Court granted a writ of certiorari to review the decision of the Court of Appeals in *United Student Aid Funds, Inc., v. South Carolina Dep't of Health and Envtl. Control*, 349 S.C. 162, 561 S.E.2d 650 (Ct.App.2002). We affirm.

### FACTS

The United States Congress enacted the Federal Family Education Loan Program to encourage the making of loans by private lenders to finance the post secondary education of eligible students. *See* 20 U.S.C.A. §§ 1071 *et seq.* (2000) (the Act). Under this Act, guaranty agencies guarantee payment of the loan to eligible lenders and pay the holder of the loan if the student defaults. 20 U.S.C.A. § 1078. Thereafter, the United States Secretary of Education reimburses the guaranty agency for these payments and loan collection costs under a

reinsurance arrangement with the agency. 20 U.S.C.A. § 1078.

To assist private guarantee agencies in collecting defaulted student loans, Congress provided guaranty agencies with authority to administratively garnish the wages of student borrowers who have defaulted on their student loan agreements. 20 U.S.C.A. § 1095a(a). Under the Act, a guaranty agency may issue a withholding order requiring a defaulted borrower's employer to withhold 10% of the borrower's disposable income until the debt is paid. 20 U.S.C.A. § 1095a(a)(1). The Act permits guaranty agencies to sue an employer who fails to comply with the withholding order. 20 U.S.C. § 1095a(a)(6). Specifically, § 1095a(a)(6) provides:

> the employer shall pay to the Secretary or the guaranty agency as directed in the withholding order issued in this action, and shall be liable for, and the Secretary or *the guaranty agency,* as appropriate, *may sue the employer in State or Federal court of competent jurisdiction to recover, any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order,* plus attorneys' fees, costs, and in the court's discretion, punitive damages, but such employer shall not be required to vary the normal pay and disbursement cycles in order to comply with this paragraph. . . .

(Emphasis added).

In the present case, Brenda Irons obtained a student loan from private lenders to pay educational expenses under the Act. Petitioner United Student Aid Funds, Inc., (United) guaranteed the promissory note. When Irons defaulted on her loan, United paid the private lender the loan balance. The Secretary of Education reimbursed United for the amount of the defaulted loan.

United issued a wage withholding order to Respondent The South Carolina Department of Health and Environmental Control (DHEC), Irons' employer, after following the procedures outlined under the Act. DHEC failed to comply with the withholding order. United sued DHEC and other state representatives (collectively, the State) requesting monetary and equitable remedies.

The trial court dismissed the case finding the Eleventh Amendment barred United's action against the State. The Court of Appeals affirmed. *United Student Aid Funds, Inc., v. South Carolina Dep't of Health and Envtl. Control, supra.*

## ISSUES

I. Did the Court of Appeals err by holding the Eleventh Amendment bars United's suit against the State for failing to comply with a withholding order issued pursuant to 20 U.S.C. § 1095a(a)(6)?

II. Did the Court of Appeals err by failing to address the issue of injunctive relief?

## DISCUSSION

## I.

### A. Statutory Construction

United asserts the United States Constitution is not implicated in its suit and, therefore, the Court of Appeals erred by holding the Eleventh Amendment bars its action. Relying on *Hilton v. South Carolina Pub. Rys. Comm'n,* 502 U.S. 197, 112 S.Ct. 560, 116 L.Ed.2d 560 (1991), United asserts its claim presents an issue of mere statutory construction, not constitutional interpretation. We disagree.

In *Hilton,* the United States Supreme Court (USSC) addressed whether a private individual may sue a state-owned railroad in state court for tortious conduct. In particular, the Court considered whether the phrase "[e]very common carrier by railroad" as used in the Federal Employers' Liability Act (FELA) included state-owned railroads.

The Court determined suits against state-owned railroads in state court were permissible. It based its decision on several factors, the primary of which was stare decisis which "controlled and informed" the Court's decision. *Id.* at 201, 112 S.Ct. at 563, 116 L.Ed.2d at 569. In doing so, the Court reached its decision only after finding the matter was a question of statutory construction, not constitutional interpretation.[1] Significantly, the Court believed the United States

---

1. Reliance on stare decisis was critical because of the USSC's previous holding in *Parden v. Terminal Ry. of Ala. Docks Dept.,* 377 U.S. 184, 84

Constitution was not implicated based on prior decisions suggesting the Eleventh Amendment did not apply to actions brought in state courts. *See id.* at 204–05, 112 S.Ct. at 565, 116 L.Ed.2d at 570. Since the Constitution was not implicated, the Court did not have to determine if the phrase "[e]very common carrier by railroad" satisfied the Eleventh Amendment's "plain statement rule" jurisprudence. *See Gregory v. Ashcroft,* 501 U.S. 452, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991) (Court uses "plain statement rule" to determine whether Congressional Act applies to the states).

However, since *Hilton,* the USSC issued *Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636, (1999), clarifying that the Eleventh Amendment does prohibit Congress from subjecting a state to suit in state court without its consent. Accordingly, in this case the Eleventh Amendment is implicated. The Court may not rely on the rules of statutory construction, but must apply the rules of constitutional interpretation involving the Eleventh Amendment.

## B. *Private Actor*

 United asserts it is not a private actor suing the State in state court, but is, instead, an agent of the federal government not barred by the prohibitions of the Eleventh Amendment. We disagree.

United's amended complaint alleges only that it is a "non-profit corporation organized under the State of Delaware General Corporation law and has the power to prosecute this suit." It does not allege the action is being brought on behalf of the federal government. Moreover, the Act does not explicitly provide that a guaranty agency stands in the shoes of the federal government in suits to force compliance with withholding orders.

---

S.Ct. 1207, 12 L.Ed.2d 233 (1964), which held that States who chose to enter the railroad business after the enactment of the FELA waived sovereign immunity from suits based on tortious conduct. As a result many states excluded railroad workers from their workers' compensation statutes because the FELA provided an adequate alternative. Therefore, if the *Hilton* Court would have forbade suits against state-owned railroads in state court it "would have dislodged settled expectations and required an extensive legislative response." *Alden v. Maine,* 527 U.S. 706, 736, 119 S.Ct. 2240, 2258, 144 L.Ed.2d 636, 667 (1999).

■ Additionally, United's argument is not preserved for review. Although United raised the issue to the Court of Appeals, it does not appear that the issue was raised to or ruled on by the trial court. *See Mims v. Alston*, 312 S.C. 311, 440 S.E.2d 357 (1994) (an issue neither raised to nor ruled upon by trial court will not be considered on appeal); *Noisette v. Ismail*, 304 S.C. 56, 403 S.E.2d 122 (1991) (where a trial court does not explicitly rule on an argument raised and appellant makes no Rule 59 motion to obtain a ruling, the appellate court may not address the issue); *Hoffman v. Powell*, 298 S.C. 338, 380 S.E.2d 821 (1989) (an appellate court will not consider issues raised for the first time on appeal).

United's argument is not preserved and is otherwise without merit.

## C. *Applicability of the Eleventh Amendment*

■ United argues the Court of Appeals erred by failing to hold Congress intended to abrogate the states' Eleventh Amendment immunity in the Act. We disagree.

■ The Eleventh Amendment prohibits non-consenting states from being sued in federal or state court by private individuals. *Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Alden v. Maine, supra.* However, Congress may, when acting pursuant to a valid grant of constitutional authority, abrogate the states' Eleventh Amendment immunity. *Garrett, supra.* Congress may abrogate the states' immunity only after it complies with the "plain statement rule" by unequivocally stating in "clear and manifest" language its intent to abrogate the immunity. *Gregory v. Ashcroft, supra.*

United concedes that "Congress did not specifically say whether it intended to force states that happen to be employers to submit to suit without their consent." United asserts, however, that Congress' intent to include states in its definition of employers is manifest in a variety of ways including: 1) other federal statutes defining states as "persons" or "employers"; 2) the State defining itself as an "employer"; and 3) use of the word "state" in the Act itself.

United refers to other federal statutes which include state and local governments in the terms "persons" and "employer"

to support its contention that the term "state" may fall under the definition of "employer." *See, e.g.,* Fair Labor Standards Act, 29 U.S.C.A. § 203(d) (1998) ("employer" includes public agency); Age Discrimination in Employment Act, 29 U.S.C.A. § 630(b)(2) (1999) (employer includes a state).

We conclude if Congress intended to make states, when acting as employers, liable under 20 U.S.C.A. § 1095a(a), it would have so stated. Congress' failure to clearly define "employer" to encompass states in light of its knowledge and ability to do so in other statutes is fatal to United's argument.

Similarly, United refers to instances where the State is included in the term "employer" within the South Carolina Code of Laws. *See, e.g.,* South Carolina Employment Security Law, S.C.Code Ann. §§ 41-27-210 and 220 (1986) ("employing unit" includes State); Workers Compensation Act, S.C.Code Ann. § 42-1-140 (1985) ("employer" includes the State).

■ The State's inclusion of itself as an employer in unrelated instances does not require the State to surrender its sovereignty to every law, both state and federal, which imposes liabilities on an employer. By specifically defining those circumstances under which it is to be treated as an employer, the State has indicated that it does not intend to subject itself to all laws regarding employers generally.

Attendant to these arguments is United's assertion that the plain statement rule is satisfied because of the liberal use of the word "state" in the text of the Act along with its legislative purpose to establish a federal loan program to assist the states. United suggests that because Congress clearly wanted to provide an enforcement mechanism for student loan debt collection agencies against non-compliant employers, then it would be Congress' intent to subject the states to the mechanism when they act as a non-compliant employer.

While this argument is logical, it defeats the purpose of requiring a plain, unambiguous statement. While one may argue it was Congress' intent to encompass states in the Act, the USSC has already decided that it will not engage in such debates but, instead, require a clear and plain statement. *Gregory v. Ashcroft, supra.*

The Court of Appeals correctly concluded the Eleventh Amendment is applicable and properly held that since Congress did not include a clear statement of its intent to abrogate state sovereignty, the suit was properly dismissed.

## II.

■ United argues the Court of Appeals erred by not addressing its request for injunctive relief. United asserts this Court should consider the injunction issue to prevent the State from failing to comply with future withholding orders.

It appears the Court of Appeals did not address the issue of injunctive relief because Irons is no longer employed by the State. Accordingly, the Court of Appeals concluded the only remaining remedy was damages incurred by United for the State's refusal to comply with the withholding order. *See United Student Aid Funds, Inc., v. South Carolina Dep't of Health and Envtl. Control, supra.*

■ The Eleventh Amendment does not prohibit a court from providing injunctive relief. *See Alden v. Maine, supra; Green v. Kentucky Higher Educ. Assistance Auth.,* 78 F.Supp.2d 1259 (S.D.Ala.1999). The issue in the present case is moot, however, because the State is not obligated to comply with the withholding orders.[2] *See* Discussion I, *infra.* Accordingly, there is no basis upon which to issue an injunction requiring the State to comply with the Act.

The decision of the Court of Appeals is **AFFIRMED.**[3]

TOAL, C.J., PLEICONES, WALLER, JJ., and Acting Justice G. THOMAS COOPER, JR., concur.

---

**2.** We note that South Carolina law prohibits the State from employing any person who is considered in default of a federally insured student loan. S.C.Code Ann. § 59–111–50 (1990).

**3.** In light of our disposition of United's appeal, we decline to address the State's Tenth Amendment argument.