PER CURIAM: Pennsylvania National Mutual Casualty Insurance Company sued 
for declaratory judgment claiming that policy exclusi

THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Pennsylvania National Mutual Casualty Insurance Company,       
Appellant,
 
 
 

v.

 
 
 
Larry Corley, Anna Corley, Robbie Pearson and Audrey Pearson, d/b/a Pearsons 
 Funeral Home, Warren Robinson and State Farm Mutual Automobile Insurance 
 Company,        Respondents.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-438
Heard June 8, 2004  Filed August 4, 
 2004

APPEAL DISMISSED

 
 
 
F. Barron Grier, III, and Joseph Henry, both of Columbia, for Appellant. 
E. Dale Lang, Jr., James B. Lybrand, Jr., Paul T. Collins, and Larry Cornell 
 Smith, all of Columbia, for Respondents.
 
 
 

PER CURIAM:  Pennsylvania National Mutual Casualty 
 Insurance Company sought a declaratory judgment that policy exclusions absolved 
 it of the duty to provide a defense for or indemnify Pearsons Funeral Home 
 for injuries sustained by Pearsons employee.  The circuit court held policy 
 exclusions did not apply.  We dismiss Pennsylvania Nationals appeal as moot.
FACTS
Larry Corley was injured in a collision involving 
 a hearse and another limousine while chauffeuring for Pearsons.  Pearsons 
 insured all three vehicles under a commercial automobile insurance policy issued 
 by Pennsylvania National.  
Corley and his wife brought an action against Pearsons 
 and Warren Robinson, the other limousine driver, alleging negligence and loss 
 of consortium.  Pennsylvania National denied liability coverage.  Before Pennsylvania 
 Nationals denial of benefits could be adjudicated, the Corleys suit was removed 
 from the active roster.  The Corleys later refiled their suit specifically seeking 
 recovery under the uninsured motorist provisions of Pearsons policy.           
Before the Corleys suit was restored to the active roster, 
 Pennsylvania National brought a declaratory judgment action arguing policy exclusions 
 disallowed both liability and uninsured motorist coverage and, consequently, 
 it had no duty to defend or indemnify the funeral home in the Corleys underlying 
 tort suit.  Pennsylvania National added State Farm, the Corleys automobile 
 insurer, as a defendant in an amended complaint, but requested no specific relief 
 from the insurer.  Following a hearing, the circuit court determined policy 
 exclusions were inapplicable.  Pennsylvania National appealed.
While the appeal was pending, Pennsylvania National entered 
 into a written agreement and release with the Corleys settling their tort claim 
 for $50,000.  The agreement released all parties from liability for injuries 
 arising from the automobile accident, and Pennsylvania National purported to 
 reserve the right to seek recovery against State Farm for the sum paid to the 
 Corleys.  
STANDARD OF REVIEW
A declaratory judgment action to determine insurance coverage 
 is an action at law.  Pennell v. Foster, 338 S.C. 9, 14, 524 S.E.2d 630, 
 633 (Ct. App. 1999).  In an action at law, the appellate court may only correct 
 errors of law and will uphold the circuit courts factual findings if any evidence 
 supports them.  Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 
 81, 86, 221 S.E.2d 773, 775 (1976).  
LAW/ANALYSIS
Pennsylvania National contends the trial court erred in determining 
 the exclusions of liability and uninsured motorist coverage did not apply to 
 the Corleys claims.  We dismiss Pennsylvania Nationals appeal as moot.
Pennsylvania National claims it reserved its claims denying 
 coverage and retained a subrogation right against State Farm by including the 
 following clause in the agreement it entered into with the Corleys:

Further, the undersigned in settling this action acknowledge 
 that the named plaintiff Larry Corley will no longer have an interest in the 
 declaratory judgment action currently on appeal but that Pennsylvania National 
 Mutual Casualty Insurance Company will maintain its rights to assert that it 
 is not the provider of coverage and will seek repayment of the amounts paid 
 in settlement from State Farm Insurance Company.  Nothing in this Release is 
 intended nor should be interpreted as barring that claim. 

Pennsylvania National reasons if this court accepts the reservation 
 clause as valid and determines the circuit court erred in finding the policy 
 exclusions inapplicable, it would then be able to seek reimbursement of the 
 settlement money from State Farm pursuant to State Farms uninsured coverage 
 policy on the Corleys.  
Pennsylvania Nationals amended complaint merely added State 
 Farm as a defendant in its declaratory judgment action.  The complaint demanded 
 no relief from State Farm and failed to provide any additional facts that would 
 support a finding State Farm was primarily or secondarily liable for Corleys 
 injuries.  Therefore, the extent of State Farms liability was never presented 
 to the circuit court for its determination and may not be addressed by this 
 court for the first time on appeal.  United Student Aid Funds, Inc. v. South 
 Carolina Dept of Health & Envtl. Control, 356 S.C. 266, 273, 588 S.E.2d 
 599, 602 (2003) (An issue neither raised to nor ruled upon by trial court is 
 unpreserved for appellate review.); Heins v. Heins, 344 S.C. 146, 152, 
 543 S.E.2d 224, 227 (Ct. App. 2001) ([O]rdinarily a party may not receive relief 
 not contemplated in his pleadings.); Cf. Rushing v. Intex Prods., 
 Inc., 285 S.C. 595, 599, 330 S.E.2d 555, 557 (Ct. App. 1985) (In a declaratory 
 judgment action, the court may grant affirmative relief not requested if party 
 has pleaded facts upon which such relief may be granted.).  
The only issue Pennsylvania National presented for 
 determination in its pleadings was whether it was liable for the Corleys injuries 
 under the liability and uninsured motorist coverage provisions of its own policy.  
 Pennsylvania National settled the question of its own liability when it voluntarily 
 settled with the Corleys and had the Corleys relieve all concerned parties from 
 liability.  As a result, there is no remaining claim upon which this court may 
 grant effective relief.  When some event occurs making it impossible for the 
 reviewing court to grant effective relief, the case is moot and may be properly 
 dismissed.  Curtis v. State, 345 S.C. 557, 567-68, 549 S.E.2d 591, 596 
 (2001) (holding a case becomes moot when some event occurs making it impossible 
 for the reviewing court to grant effective relief); Byrd v. Irmo High Sch., 
 321 S.C. 426, 430, 468 S.E.2d 861, 864 (1996) (holding the appellate courts 
 will not pass on moot or academic questions or make an adjudication where there 
 remains no actual controversy).
APPEAL DISMISSED.
 HEARN, C.J., STILWELL, 
 J., and WILLIAMS, A.J., concur.